IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maria C.,a minor, by and through her parent and natural Guardian, Iris Nereida Camacho: and Iris Nereida Camacho on her own behalf, | : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| vs. | : : | NO.  02-civ-4336 |
| School District of Philadelphia, | : : | |
| Defendant | : | |

**PLAINTIFFS' MOTION FOR RULE 54 (FRCP) POST JUDGEMENT I.D.E.A. ATTORNEYS' FEES FOR THE COST OF LITIGATING THE UNDERLYING FEE PETITION**

**I.    Procedural Status**

This Court entered a final judgement in this matter on May 6, 2004, awarding Plaintiffs $24,484.16.  This  after this Court's two Orders of October 2, 2003[1], and October, 10, 2003, and after  Plaintiffs filed their Response To The Court's Order Requiring Plaintiffs' Attorney's Final Hours Expended On Behalf of Maria C.  This was

---

[1] In light of this Court's Order requiring a final submission of attorney hours and accompanying explanation in possible leu of trial, the Court DENIED all of Plaintiffs outstanding motions to Amend the record and time to file for Rule 56 Summary Judgment.

1

then followed by their filing the Completed Record and Factual Narrative on October 20, 20003. Defendants filed their response on October 29th, 2003, and, additionally, filed a Memorandum of Law addressing their substantive legal claims in the matter. Plaintiffs' Response To Defendant's Memorandum Of Law In Opposition To Plaintiffs Final Claim For Attorney's Fees and Completed Record In Support Thereof was filed on Nov. 4, 2003.

II.     **Relief Sought**

Plaintiffs request this Court to award them attorney's fees and costs amounting to $30,111.90, (see, Attachment) for the work of Attorney Luis P. Diaz, Esq., in litigating the hotly contested fee petition that resulted in this Court's May 6th, 2004, order.

III.    **Argument**

A       **Rule 54 (d)(1) and (2)A and B, allow for Plaintiff to petition the Court for statutory attorney's fees and costs within 14 days of the Court's final judgement.**

Rule 54 (d) (1), F.R.C.P., in relevant part reads as follows: **"Costs Other than Attorneys' Fees**. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; .." Section 54 (d)(2), in relevant part reads as follows:
**(2) Attorney's Fees**.
(A)     Claims for attorneys' fees and related non taxable expenses

shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B)     Unless otherwise provided bu statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statue rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Plaintiffs are therefore within their procedural rights to file this Motion for Attorney Fees consistent with Rule 54, F.R.C.P. and 20 U.S.C. §1451(1)(3)(B) of the Individuals With Disabilities Education Act.

**B       §1451(1)(3)(B) of the I.D.E.A. and the Case Law Make it Clear That the Cost of Litigating the Fee Petition Is Covered by the Statutory Scheme and it Is, Therefore, Appropriate for this Court to Award Plaintiffs' Attorney Fees for the Cost of Litigating the Attorney Fee Petition**

Attorney Diaz' time is covered by the attorney fee shifting provision of I.D.E.A., supra, is clearly established by the I.D.E.A. Statute and the case law.  The Third Circuit Court of Appeals in Prandini v. National Tea Co., 585 F.2d 47 (3rd Cir. 1978 ) and reaffirmed in Pawlak v. Greenwalt, 713 F2d 972 (3rd Cir. 1983)  made it clear in no uncertain terms that if the fee petition is indeed litigated, attorney's fees are to be paid to the prevailing party for the preparation of the original petition as well as any later time spent on appeal; this whether or not the matter is appealed.

> [9] [10]  Thus, we hold that this case must be treated as one involving a statutorily authorized attorneys' fee award. In statutory fee award cases, the considerations of Lindy II and the equitable fund cases do not apply. Statutorily authorized fees are not paid out of the plaintiffs' recovery, and the attorney in seeking his fee is not acting in any sense adversely to the

plaintiffs' interest. Hence, the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award. If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased.

Recognizing this fact, attorneys may become wary about taking Title VII cases, civil rights cases, or other cases for which attorneys' fees are statutorily authorized. Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies. See, e. g., Hughes v. Repko, supra, at 489 (opinion of Seitz, C. J.), 490 (Rosenn, J., concurring), 491-492 & n.5 (Garth, J., concurring). Indeed, courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee I. e. for time spent on the fee application and successful fee appeals. See, e. g., Souza v. Southworth, 564 F.2d 609 (1st Cir. 1977); Panior v. Iberville Parish School Board, 543 F.2d,1117 (5th Cir. 1976); Hairston v. R & R Apartments, 510 F.2d 1090 (7th Cir. 1975); Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972); Parker v. Matthews, 411 F.Supp. 1059 (D.D.C.1976), Aff'd, 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); Stanford Daily v. Zurcher, 64 F.R.D. 680 (N.D.Cal.1974), Aff'd, 550 F.2d 464 (9th Cir. 1977), Rev'd on other grounds, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978) (The Supreme Court specifically declined to consider the propriety of the fee award, 436 U.S. at 553 n.3, 98 S.Ct. 1975); Torres v. Sachs, 69 F.R.D. 343 (S.D.N.Y.1975), Aff'd, 538 F.2d 10 (2d Cir. 1976).[FN8] Id. at 54.

Of particular import to the instant case is Footnote 8 which puts particular emphasis on the need to make attorney's whole for time spent litigating an attorney fee petition at all judicial levels, especially when this is done as the result of Defendants recalcitrance in requiring such litigation.

> FN8. The district court attempted to distinguish the cases cited by the fee petitioners on the ground, Inter alia, that the fee award was contested by the

4

losing party. In this case, on the other hand, the award is uncontested and the appeal is Ex parte. <u>It is true that the case is stronger for awarding compensation for time spent litigating the issue of a reasonable fee when that litigation is required because of opposition by an adversary. It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated,</u> since it is the adversary who made the additional work necessary.

Nonetheless, where it is the defendant, and not the plaintiff class, which will pay the fee, <u>even if the fee application is uncontested by the defendant, it is reasonable to include in the award the time spent on the fee petition and on a successful fee appeal, i.e. time reasonably necessary to obtain a reasonable fee.</u>

[11]  We hold therefore that the appellant attorneys are entitled to be compensated for time spent successfully appealing the first fee award, and in preparing the fee petition, to the extent that time was reasonably necessary to obtaining a reasonable fee award, <u>See</u>, <u>Hughes v. Repko</u>, <u>supra</u>, at 487, a determination to be made in the first instance by the district court.

<u>Accordingly, we reverse that part of the district court's order which did not include such time in its fee award</u>.

This Court must then compensate Plaintiffs for all time reasonably expended in the litigation of the underlying feed petition, especially in light of the record which clearly sets out the contentiousness of the litigation, with Defendant School District never conceding that Plaintiff prevailed on any claims, thus causing their own liability for the fees according to <u>Prandini</u>, <u>id</u>, at FN 8, <u>supra</u>.

## IV.  <u>Conclusion</u>

Consistent with the Third Circuit's opinion in <u>Prandini</u>, this Court must award Plaintiffs attorney's fees in the amount of $30,111.90, (<u>see</u>, Attachment) for time spent litigating the original fee petition.

_[signature: Luis P. Diaz]_

Luis P. Diaz, Esq.

<u>Date    May 10th, 2004</u>

Counsel for Plaintiffs
1118 Lombard Street
Suite 5
Philadelphia, PA 19147
(215) 733-0293.