IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : : : | CIVIL ACTION |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

## ORDER

AND NOW, this          day of                    , 2004, upon consideration of Plaintiffs' Motion for Rule 54 Post-Judgment I.D.E.A. Attorneys' Fees , and Defendant's Answer thereto, IT IS HEREBY ORDERED that said Motion is DENIED.

BY THE COURT:

_____
John P. Fullam,                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : : : | CIVIL ACTION |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

DEFENDANT'S ANSWERTO PLAINTIFFS' RULE 54 MOTION
FOR POST-JUDGMENT AWARD OF I.D.E.A. ATTORNEYS' FEES

Defendant, School District of Philadelphia (the "District"), through undersigned counsel, hereby answers Plaintiffs' Rule 54 Motion for Post-Judgment Award of I.D.E.A. Attorneys' Fees.

1. On October 20, 2003, Plaintiffs filed a "Completed Record and Factual Narrative" asserting a claim for attorneys' fees and costs in the sum of $64,005.63, for services provided to Plaintiffs by David Sambolin, Esquire ("Attorney Sambolin"). (Dkt. No. 20)

2. On November 25, 2003, Plaintiffs filed an "Updated Final Hours Expended on Behalf of Maria C." asserting a claim for attorneys' fees and costs in the sum of $28,111.90, for services provided by Luis P. Diaz, Esquire ("Attorney Diaz"). (Dkt. No. 23)[1]

3. Plaintiffs sought both attorneys' fees and costs for the services of Attorney Sambolin in connection with administrative due process hearings and I.E.P. meetings, and attorneys' fees and costs for Attorney Diaz solely for his services in connection with the application for fees before the Court.

---

[1] In Attachment "D" of Plaintiffs' "Completed Record and Factual Account" filed on October 20, 2003 (Dkt. No. 20), Plaintiff originally sought attorneys' fees and costs in the sum of $22,786.90, for services provided by Attorney Diaz.

4. The combined amount of attorneys' fees and costs sought by Plaintiffs for the services of Attorneys Sambolin and Diaz is $92,117.53.

5. On May 5, 2004, this Honorable Court issued a Memorandum and Order awarding Plaintiffs attorneys' fees and costs in the sum of $24,484.16, pursuant to the Individuals with Disabilities Education Act ("I.D.E.A."), 20 U.S.C. § 1415(i)(3)(B) (Dkt. No. 25) for services rendered by Attorney Sambolin. The Court did not award any fees and costs for services rendered by Attorney Diaz.

6. On May 10, 2004, Plaintiff filed a motion pursuant to Fed.R.Civ.P. Rule 54(d)(2)(A) seeking *additional* attorneys' fees under 20 U.S.C. § 1415(i)(3)(B) "for time spent litigating the original fee petition."[2] (Dkt. No. 26)

7. On May 18, 2004, in accordance with the Memorandum and Order dated May 5, 2004, Judgment was entered in favor of Plaintiffs and against Defendant School District of Philadelphia.[3] (Dkt. No. 27).

8. Section 1415(i)(3)(B) of I.D.E.A. sets forth the substantive law governing the award of attorneys' fees to parents of a child with a disability who is the prevailing party in an action brought under I.D.E.A. 20 U.S.C. § 1415(i)(3)(B).

9. Rule 54 of the Federal Rules of Civil Procedure precludes a claim for attorneys' fees by motion where the substantive law governing the action provides for the recovery of such fees as an element of damages to be proven at trial. Fed.R.Civ.P. Rule 54(d)(2)(A).

---

[2] Plaintiffs' Motion for Rule 54 Post-Judgment I.D.E.A. Attorneys' Fees, Section IV, at 5.
[3] Although not explicitly stated in the Judgment Order dated May 18, 2004, the amount of the judgment is $24,484.16, which amount does appear in the Order dated May 5, 2004. The Order dated May 5, 2004, is referenced specifically by the Judgment Order dated May 18, 2004.

10.     The claim for Attorney Diaz' fees was an element of damages to be proven by Plaintiffs and was denied by the Court, sitting as fact-finder.

WHEREFORE, Defendant School District of Philadelphia requests this Honorable Court to deny Plaintiffs' Rule 54 Motion for Post-Judgment I.D.E.A. Attorneys' Fees.

RESPECTFULLY SUBMITTED,

_____
C. REGINALD JOHNSON, ESQUIRE
PA Attorney Identification No. 61115
Assistant General Counsel
School District of Philadelphia
Office of General Counsel
2130 Arch Street, 5th Floor
Philadelphia, PA 19103-1390
(215) 299-7676

Attorney for Defendant,
School District of Philadelphia

Dated: May 22, 2004

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : : : | CIVIL ACTION |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S ANSWER TO
PLAINTIFFS' RULE 54 MOTION FOR POST-JUDGMENT I.D.E.A. ATTORNEYS' FEES

Defendant School District of Philadelphia (the "District"), through undersigned counsel, respectfully requests this Honorable Court to deny Plaintiffs' Rule 54 Motion for Post-Judgment I.D.E.A. Attorneys' Fees, and in support thereof, submits this Memorandum of Law.

I.   APPLICABLE LAW

The Individuals with Disabilities Educational Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA"), provides in relevant part at §1415 as follows:

> (i) Administrative procedures. (1) In general. (A) Decision made in hearing. A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2) of this subsection.
> (B) Decision made at appeal. A decision made under subsection (g) shall be final, except that any party may bring an action under paragraph (2) of this subsection.
> (2) Right to bring civil action. (A) In general. Any party aggrieved by the findings and decision made under subsection (g), and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.
> (B) Additional requirements. In any action brought under this paragraph, the court –

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.
>
> (3) Jurisdiction of district courts; attorneys' fees. (A) In general. The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.
> *(B) Award of attorneys' fees. In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to parents of a child with a disability who is the prevailing party.*

20 U.S.C. § 1415(i) (emphasis added).

Rule 54 of the Federal Rules of Civil Procedure states in relevant part as follows:

> (a) Definition; Form. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. * * *
>
> (d) Costs; Attorneys' Fees.
>                               * * *
> (2) *Attorneys' Fees*.
>     (A) Claims for attorneys' fees . . . shall be made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proven at trial*.

Fed.R.Civ.P. Rule 54(d)(2)(A) (emphasis added).


II.    ARGUMENT

    A.    Contrary to Plaintiffs' Argument, *Prandini v. National Tea Co.* Does Not Support Plaintiffs' Request for Additional I.D.E.A. Attorneys' Fees

As was the case in Plaintiffs' pre-judgment pleadings,[4] Plaintiffs cite Prandini v. National Tea Co., 585 F.2d 47 (3d Cir. 1978), as the sole authority in support of their request for an award of attorney's fees for the services of Luis P. Diaz, Esquire ("Attorney Diaz"). Plaintiffs' reliance on Prandini is completely mistaken. Contrary to Plaintiffs' assertion, the holding in Prandini does not entitle Attorney Diaz to attorney's fees for representing Attorney

---

[4] Plaintiffs' Completed Record and Factual Narrative, at 2, para. (4).

2

Sambolin and Plaintiffs in this matter.  In <u>Prandini</u>, plaintiff's attorney, in a class action based on sex discrimination in employment, entered into a fee settlement agreement with defendant.  The District Court, *sua sponte*, reduced the agreed upon fee because of duplication of attorney services.  On *ex parte* appeal, the matter was remanded to the district court with instructions for the use of a specific formula for reducing the fee.  On the subsequent appeal after remand, the Third Circuit stated:

> We hold therefore that the appellate attorneys are entitled to be compensated *for time spent successfully appealing the first fee award, and in preparing the fee petition [for the second appeal]*, to the extent that time was reasonably necessary to obtaining a reasonable fee award, a determination to be made in the first instance by the district court.

<u>Id</u>., at 54 (citation omitted; emphasis added).  The instant case is readily and wholly distinguishable from <u>Prandini</u>.  Plaintiffs here did not have a fee settlement agreement with the District that was subsequently reduced by a court *sua sponte* thereby necessitating appellate attorney services to address the modification of an agreement between the parties.  Moreover, <u>Prandini</u> does not concern the award of attorneys' fees pursuant to a fee-shifting provision of a federal statute such as I.D.E.A. in the instant case.  Consequently, <u>Prandini</u> is totally inapposite to this case and Plaintiffs cannot rely on its holding to support their claim for additional I.D.E.A. attorney's fees for services provided by Attorney Diaz.

Additionally, Plaintiffs' instant Motion mistakenly places great emphasis on footnote 8 of the <u>Prandini</u> opinion.  There the court notes that:

> . . . It is true that the case is stronger for awarding compensation for time spent litigating the issue of a reasonable fee *when that litigation is required because of opposition by an adversary*.  It is obviously fair . . . *since it is the adversary who made the additional work necessary*.

3

*Id.*, at 54 (emphasis added). The instant litigation was not commenced because of opposition by the District, and the District did not "make the additional work necessary." Rather, this litigation resulted from Plaintiffs' failure and complete unwillingness to timely provide the District with any documentation whatsoever in support of their demand for attorneys' fees and costs. In a letter dated June 27, 2002, Attorney Sambolin made his initial demand as follows:

> This is a demand for attorneys' fees in the sum of not less than $50,000 in the above-captioned matter dating back not less than two years. I will presume that you shall issue no acceptance or counter offer until after the Complaint is filed. If I am correct, you can expect that I will pursue the claim by filing in federal court not later than the close of business tomorrow.

(A true and correct photocopy of Attorney Sambolin's letter dated June 27, 2002, is attached hereto as Exhibit "A".) Approximately one week later, by letter dated July 8, 2002, the District responded to Attorney Sambolin's demand as follows:

> In response to your request for attorney's fees in the amount of $50,000, the District is unable to respond without detailed, itemized time sheets. *We will be able to respond upon presentation of appropriate documentation for our review.*

(A true and correct photocopy of the District's letter dated July 8, 2002, is attached hereto as Exhibit "B"; emphasis added.)

Instead of providing the District with the requested itemized time sheets as required,[5] Plaintiffs filed their Complaint on July 8, 2002 (Dkt. No. 3) – the same date of the District's letter – and effected service on the District *three (3) months later* on October 8, 2002. (Dkt. No. 4). *Another nine (9) months* passed before Plaintiffs provided the District with an attorneys' fee itemization which was attached as an exhibit to Plaintiffs' Supplemental Answer to Defendant's

---

[5] See, Washington v. Philadelphia Cnty Court of Common Pleas, 89 F.3d 1031 (3d Cir. 1996).

Motion to Dismiss (Dkt. No. 10).[6]  Thus, from the date the Complaint was filed, approximately fourteen (14) months passed before Plaintiffs provided the District with the requested itemization.  *And*, the itemization was provided to the District by Attorney Diaz on the same day he entered his appearance in this matter.  Clearly, it is quite likely that this matter would not have been the subject of litigation had Attorney Sambolin provided the District with an itemization of his hours and costs as an enclosure to his demand letter dated June 27, 2002, two weeks *prior to commencing this litigation*.  Now, Attorney Diaz seeks an *additional* award of attorneys' fees in the sum of $30,111.90, which is 123% of the $24,484.16 judgment already entered by this Court on May 18, 2004.  Plaintiffs' request is absurd and should be denied.

      B.      Plaintiffs' Motion for Post-Judgment I.D.E.A. Attorneys' Fees Is Precluded By Fed.R.Civ.P Rule 54(d)(2)(A).

As noted above,[7] Fed.R.Civ.P. Rule 54 provides in relevant part that "[c]laims for attorneys' fees . . . shall be made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proven at trial*. Fed.R.Civ.P. Rule 54(d)(2)(A).  The substantive law governing Plaintiffs' claim in this matter is set forth in I.D.E.A. § 1415(i) which states in relevant part as follows:

> Any party aggrieved by the findings and decision made . . . under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in . . . a district court of the United States without regard to the amount in controversy. * * * In any action brought under this paragraph, the court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court

---

[6] Plaintiffs' Answer to Defendant's Motion to Dismiss (Dkt. No. 8) states that "appropriate invoices or time sheets" are attached thereto as "Exhibit H" when, in fact, such documentation is not attached to the Answer.  See, Plaintiffs' Answer (Dkt. No. 8) at 5.
[7] Section I, Applicable Law, at 2.

5

>determines is appropriate.  *  *  *  In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to parents of a child with a disability who is the prevailing party.

20 U.S.C. § 1415(i).  Thus, because the substantive law governing Plaintiffs' action provides for the recovery of attorneys' fees "as part of the costs to parents of a child with a disability who is the prevailing party", Rule 54(d)(2)(A) precludes recovery of attorneys' fees by motion.  Plaintiffs have already sought and received attorneys' fees under I.D.E.A. § 1415(i)(3)(B).  Fed.R.Civ.P. Rule 54 specifically prohibits an additional attempt to receive an award for attorneys' fees when the movant claimed the same fees as part of their case in chief and the fees were disallowed.  Fed.R.Civ.P. Rule 54(d)(2)(A).  *See also*, Telecom South America, Inc. v. Presto Telecommunications, Inc., 2003 WL 22462236 (E.D.Pa); Levin v. American Honda Motor, Corp., Inc., 1996 WL 195383 (E.D.Pa.).

III.   CONCLUSION

Based on the foregoing legal discussion and arguments, this Honorable Court should deny Plaintiffs' Rule 54 Motion for Post-Judgment I.D.E.A. Attorneys' Fees.

>RESPECTFULLY SUBMITTED,
>
>_____
>C. REGINALD JOHNSON, ESQUIRE
>Assistant General Counsel
>School District of Philadelphia
>Office of General Counsel
>2130 Arch Street, 5th Floor
>Philadelphia, PA 19103-1390
>(215) 299-7676
>
>Attorney for Defendant,
>School District of Philadelphia

Dated: May 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : : : | CIVIL ACTION |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

CERTIFICATE OF SERVICE

C. REGINALD JOHNSON, ESQUIRE, hereby certifies that he caused a true and correct copy of the foregoing Defendant's Answer to Plaintiffs' Rule 54 Motion for Post-Judgment Award of I.D.E.A. Attorneys' Fees and supporting Memorandum of Law to be served this day by first-class United States mail upon the following person:

Luis P. Diaz, Esquire
1118 Lombard Street, Suite 5
Philadelphia, PA  19147
Attorney for Plaintiffs

_____
C. Reginald Johnson, Esquire
PA Attorney Identification No. 61115
Assistant General Counsel
School District of Philadelphia
Office of General Counsel
2130 Arch Street, 5th Floor
Philadelphia, PA 19103-1390
(215) 299-7676

Attorney for Defendant,
School District of Philadelphia

Dated: May 22, 2004