```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARIA C., a minor by and         :    CIVIL ACTION
through her parent and natural   :
guardian, IRIS NEREIDA CAMACHO   :
                                 :
         v.                      :
                                 :
THE SCHOOL DISTRICT OF           :
PHILADELPHIA                     :    NO. 02-4336
```

SUPPLEMENTAL MEMORANDUM

Fullam, Sr. J.                                          June    , 2004

On October 1, 2003, I entered an Order denying defendant's motion to dismiss and granting plaintiff time in which to submit an application for attorneys' fees. On May 5, 2004, I entered an Order awarding counsel fees to plaintiff in the sum of $24,484.00 - a substantial reduction in the amount which had been claimed. Plaintiff has also submitted a further application for an award of counsel fees to another attorney for litigating the counsel fee issue on behalf of the first attorney. Although captioned as a motion for "Attorneys' Fees for the Cost of Litigating the Underlying Fee Petition," the current motion describes, for the most part, services allegedly rendered by the second attorney (Luis P. Diaz, Esquire) in conjunction with the first attorney (David Sambolin, Esquire) on the merits of the case, rather than the fee petition.

I conclude that the May 5th Order awarding counsel fees disposed of all issues concerning counsel fees concerning the merits of the case - i.e., whether plaintiff was or was not a prevailing party entitled to counsel fees, and the amount of fees to be awarded. When the May 5th Order was entered, the record before this court included claims for attorneys' fees and costs totaling $92,117.53 ($64,005.63 for services performed by David Sambolin, Esquire and $28,111.90 for services provided by Luis P. Diaz, Esquire). The claim for counsel fees is the claim of the plaintiff, not the attorneys. It is indeed unfortunate that plaintiff's counsel seem to have overlooked this basic point, and, it now appears have filed separate claims for attorneys' fees. The original reduction imposed by this court on May 5, 2004, cutting the award to $24,484.16, was predicated upon the obvious fact that the hours claimed were excessive and unreasonable (e.g., the claim for time allegedly devoted to drafting the complaint), that there was a great deal of unnecessary duplication of services, and that much of the claim related to services which should not have been necessary (e.g., correcting counsel's mistakes); and it further appeared that a considerable portion of the alleged services could have been, and undoubtedly should have been, performed by non-attorney personnel at lower hourly rates.

The same types of defects are reflected in the current application by Mr. Diaz. I do not believe it reasonable to award what would amount to duplicate payments to two attorneys, one of whom was representing the other in the pursuit of counsel fees (Mr. Diaz's bill was submitted to Mr. Sambolin, according to the exhibit attached to Mr. Diaz's present application).

From an abundance of caution, however, since it appears that some of Mr. Diaz's efforts were not included in my previous award to Mr. Sambolin, I deem it appropriate to enter a modest additional award covering Mr. Diaz's allowable services in seeking the fee award. I agree with defendant that most of the efforts of Mr. Diaz would probably not have been necessary at all if Mr. Sambolin had promptly submitted the required information to the defendant, rather than simply demanding a flat sum ($50,000.00) and filing suit. Counsel did spend some time "reconstructing" the record on the basis of "time sheets, documents and other records," and did prepare the actual application for counsel fees. I conclude that a reasonable amount of time for these efforts (in additional to Mr. Sambolin's time) would be, at most, 10 hours. At the claimed rate of $250.00 per hour, this results in a further award of $2,500.00.

An Order to that effect will now be entered. This Memorandum will also serve as a written explanation of the reduction in Mr. Sambolin's award.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : : : : | CIVIL ACTION |
| v. | : : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : : | NO. 02-4336 |

ORDER

AND NOW, this     day of June, 2004, upon consideration of "Plaintiffs' Motion for Rule 54 (FRCP) Post-Judgment I.D.E.A. Attorneys' Fees for the Cost of Litigating the Underlying Fee Petition" filed May 10, 2004, and defendant's response, IT IS ORDERED:

1. Plaintiff is awarded the further sum of $2,500.00, to cover the efforts reasonably expended by Luis Diaz, Esquire, not duplicative of the efforts of other counsel.

2. The accompanying Memorandum constitutes a summary of this court's reasons for the May 5, 2004 Order, as well as the present Order.

                                                 John P. Fullam, Sr. J.