IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian,  IRIS NEREIDA CAMACHO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

## <u>ORDER</u>

AND NOW, this          day of                  , 2004, upon consideration of Defendant's Motion for Stay of Order Pending Cross Appeal, IT IS HEREBY ORDERED that said Motion is GRANTED.  Plaintiff shall not be permitted to take any action to enforce the terms of paragraph number one of the Order dated June 24, 2004, during the pendency of Defendant's Cross Appeal.

BY THE COURT:

_____

John P. Fullam,                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIA C., a minor, by and through her parent    :    CIVIL ACTION
and natural guardian,  IRIS NEREIDA CAMACHO  :
                                     :
              v.                         :
                                     :
THE SCHOOL DISTRICT OF PHILADELPHIA      :    NO. 02-4336

<u>DEFENDANT'S MOTION FOR STAY OF ORDER PENDING CROSS APPEAL</u>

Defendant, School District of Philadelphia (the "District"), through undersigned counsel,

hereby moves this Court pursuant to Fed.R.Civ.P. Rule 62(f) for a stay during the pendency of

the Cross Appeal of all proceedings to enforce paragraph number one of this Court's Order dated

June 24, 2004, and in support thereof avers as follows:

1.      On May 5, 2004, this Honorable Court issued a Memorandum and Order

awarding Plaintiffs attorneys' fees and costs in the sum of $24,484.16, pursuant to the

Individuals with Disabilities Education Act ("I.D.E.A."), 20 U.S.C. § 1415(i)(3)(B) (Dkt. No.

25) for services rendered by Attorney David J. Sambolin.

2.      On May 10, 2004, Plaintiff filed a motion pursuant to Fed.R.Civ.P. Rule

54(d)(2)(A) seeking *additional* attorneys' fees under 20 U.S.C. § 1415(i)(3)(B) "for time spent

litigating the original fee petition."[1]  (Dkt. No. 26)

---

[1] Plaintiffs' Motion for Rule 54 Post-Judgment I.D.E.A. Attorneys' Fees, Section IV, at 5.

3.      On May 18, 2004, in accordance with the Memorandum and Order dated May 5, 2004, Judgment was entered in favor of Plaintiffs and against the District.[2]  (Dkt. No. 27).

4.      On May 22, 2004, the District filed its Answer (Docket No. 28) to Plaintiffs' motion for additional attorneys' fees.

5.      On June 2, 2004, in compliance with the Court's Order of May 5, 2004, the District tendered, and Plaintiffs accepted, a check payable to Plaintiff in the amount of $24,484.16.

6.      On June 7, 2004, Plaintiffs filed a Notice of Appeal (the "Appeal") (Docket No. 30).

7.      On June 18, 2004, the District filed a Notice of Cross Appeal (the "Cross Appeal") (Docket No. 32).

8.      On June 25, 2004, the Court filed a Supplemental Memorandum and Order (the "Supplemental Order") (Docket No. 34) whereby Plaintiffs were "awarded the further sum of $2,500.00 to cover the efforts reasonably expended by Luis Diaz, Esquire, not duplicative of the efforts of other counsel."

9.      The District is entitled to a stay of execution of the Supplemental Order during the pendency of the Cross Appeal.  Fed.R.Civ.P. Rule 62(f); Pa.R.A.P. Rule 1736; 42 Pa.C.S. §4303(a); Pa.R.Civ.P. Rule 2102(b); Pa.R.Civ.P. Rule 76.

---

[2] Although not explicitly stated in the Judgment Order dated May 18, 2004, the amount of the judgment is $24,484.16, which amount does appear in the Order dated May 5, 2004.  The Order dated May 5, 2004, is referenced specifically by the Judgment Order dated May 18, 2004.

WHEREFORE, Defendant School District of Philadelphia requests this Honorable Court to enter an Order staying all proceedings to enforce paragraph number one of the Supplemental Order dated June 24, 2004, during the pendency of the Cross Appeal.

RESPECTFULLY SUBMITTED,

/s/ C. Reginald Johnson
C. REGINALD JOHNSON, ESQUIRE
PA Attorney Identification No. 61115
Assistant General Counsel
School District of Philadelphia
Office of General Counsel
2130 Arch Street, 5th Floor
Philadelphia, PA 19103-1390
(215) 299-7676

Attorney for Defendant,
School District of Philadelphia

Dated: July 8, 2004

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIA C., a minor, by and through her parent :     CIVIL ACTION
and natural guardian, IRIS NEREIDA CAMACHO :
                                    :
            v.                         :
                                    :
THE SCHOOL DISTRICT OF PHILADELPHIA     :      NO. 02-4336

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR STAY OF ORDER PENDING CROSS APPEAL

Defendant School District of Philadelphia (the "District"), through undersigned counsel,

respectfully requests this Honorable Court to issue a stay of paragraph number one of its

Supplemental Order dated June 24, 2004, and in support thereof, submits this Memorandum of

Law.

I.     APPLICABLE LAW

Rule 62 of the Federal Rules of Civil Procedure ("Stay of Proceedings to Enforce a

Judgment") provides in paragraph (f) as follows:

> (f)  Stay According to State Law.  In any state in which a judgment is a
> lien upon the property of the judgment debtor and in which the judgment
> debtor is entitled to a stay of execution, a judgment debtor is entitled, in the
> district court held therein, to such stay as would be accorded the judgment
> debtor had the action been maintained in the courts of that state.

Fed.R.Civ.P. Rule 62(f).

Pennsylvania is a state in which a judgment is a lien upon the property of the judgment

debtor.  Section 4303(a) of Title 42 of the Pennsylvania Consolidated Statutes ("Effect of

judgments and orders as liens") states in relevant part as follows:

> (a)  Real property. – Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property . . . when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

42 Pa.C.S.A. § 4303(a).

Pennsylvania is also a state in which the judgment debtor is entitled to a stay of execution.  In fact, where a notice of appeal has been filed, the judgment debtor is entitled to an automatic stay where the order is for payment of money only, provided the judgment debtor files the appropriate security with the clerk of the lower court.  In this regard, Rule 1731(a) of the Pennsylvania Rules of Appellate Procedure ("Automatic Supersedeas for Orders for the Payment of Money") provides in pertinent part as follows:

> (a)  General rule. . . . [A]n appeal from an order involving solely the payment of money shall . . . operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid.

Pa.R.A.P. Rule 1731.  However, in the matter *sub judice*, the District is not required to file security with the court because it is a political subdivision.[3]  Rule 1736 of the Pennsylvania Rules of Appellate Procedure ("Exemption from Security") provides in relevant part as follows:

> (a) General rule.  No security shall be required of:
>
> &ast;  &ast;  &ast;
>
> (2) Any political subdivision  . . ..
>
> &ast;  &ast;  &ast;
>
> (b) *Supersedeas automatic*.  Unless otherwise ordered pursuant to this chapter *the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party*.

Pa.R.A.P. Rule 1736 (emphasis added).

---

[3] "[A] 'political subdivision', [is] any county, city, borough, incorporated town, township, **school district**, vocational school district, county institution district or municipal or other local authority."  Pa.R.Civ.P. Rule 76 ("Definitions").

II.    ARGUMENT

    A.    Defendant School District Is Entitled To A Stay Of Execution Of The
        Supplemental Order Dated June 24, 2004.

Rule 62(f) of the Federal Rules of Civil Procedure provides that a judgment debtor, such as the District here, is entitled to a stay of execution as would be accorded the District had the action been maintained in the Pennsylvania courts.[4]  Fed.R.Civ.P. Rule 62(f).  Pursuant to Rule 1736 of the Pennsylvania Rules of Appellate Procedure, had Plaintiff brought this action in a Pennsylvania state court, the District would have been entitled to an *automatic supersedeas* upon the filing of its Notice of Cross Appeal.  Inasmuch as the District's Notice of Cross Appeal was filed prior to the entry of this Court's Supplemental Order, Defendant is entitled to an Order staying all proceedings to enforce the Supplemental Order during the pendency of the Cross Appeal.  Otherwise, the District will be denied its procedural entitlement under the Federal Rules of Civil Procedure and applicable Pennsylvania law.

III.    CONCLUSION

Based on the foregoing legal discussion and argument, the District respectfully requests this Honorable Court to enter an Order staying all proceedings to enforce paragraph number one of the Supplemental Order dated June 24, 2004, during the pendency of the Cross Appeal.

---

[4] Clearly, Plaintiffs could have brought this action in state court.  The Individuals with Disabilities Education Act provides as follows: "Right to bring civil action.  (A)  In general.  Any party aggrieved by the findings and decision made under subsection (g), and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, ***which action may be brought in any State court of competent jurisdiction*** or in a district court of the United States without regard to the amount in controversy."  20 U.S.C. § 1415(i)(2)(A).

RESPECTFULLY SUBMITTED,


/s/ C. Reginald Johnson
C. REGINALD JOHNSON, ESQUIRE
PA Attorney Identification No. 61115
Assistant General Counsel
School District of Philadelphia
Office of General Counsel
2130 Arch Street, 5th Floor
Philadelphia, PA 19103-1390
(215) 299-7676

Attorney for Defendant,
School District of Philadelphia

Dated: July 8, 2004

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA C., a minor, by and through her parent and natural guardian, IRIS NEREIDA CAMACHO | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | NO. 02-4336 |

CERTIFICATE OF SERVICE

C. REGINALD JOHNSON, ESQUIRE, hereby certifies that he caused a true and correct

copy of the foregoing Defendant's Motion for Stay of Order Pending Appeal and supporting

Memorandum of Law to be served this day by first-class United States mail upon the following

persons:

Luis P. Diaz, Esquire
1118 Lombard Street, Suite 5
Philadelphia, PA 19147

David J. Sambolin, Esquire
3214 Hamilton Street
Philadelphia, PA 19104

Attorney for Plaintiffs

/s/ C. Reginald Johnson
C. REGINALD JOHNSON, ESQUIRE
PA Attorney Identification No. 61115
Assistant General Counsel
School District of Philadelphia
Office of General Counsel
2130 Arch Street, 5th Floor
Philadelphia, PA 19103-1390
(215) 299-7676

Attorney for Defendant,
School District of Philadelphia

Dated: July 8, 2004